# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## ORLANDO DIVISION

### CASE NO.:

**RALPH MILLER,**

    **Plaintiff,**

**vs.**

**MAGICAL CRUISE COMPANY, LIMITED,**
**d/b/a DISNEY CRUISE LINES,**
**a foreign corporation,**

    **Defendant**.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**RALPH MILLER ("Plaintiff")** files this Complaint and Demand for Jury Trial against **MAGICAL CRUISE COMPANY, LIMITED, d/b/a DISNEY CRUISE LINES, a foreign corporation**, **("Defendant")** and alleges as follows:

1. This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of costs and interest. Plaintiff is seeking damages in excess of seventy five thousand dollars ($75,000.00), exclusive of interest, costs and attorney's fees. This Court has jurisdiction based on 28 USC § 1333.

2. Plaintiff is a citizen of Jamaica, is over twenty-one years old, and is otherwise properly before the Court.

3. Defendant is a foreign corporation, based in Celebration, Florida, which is authorized to conduct and is conducting business in the State of Florida.

4. At all times material hereto, Defendant personally or through an agent:

     a.     Operated, conducted, engaged in and/or carried on a business venture in the State of Florida, and in particular Orange County, Florida;

     b.     Engaged in substantial business activity in the State of Florida, and in particular in Orange County, Florida;

     c.     Operated vessels and provided vessels for cruises in the water of this state; and

     d.     Committed one or more acts as set forth in Florida Statute Section 48.08 (1), 48.181, and 48.193, which submit Defendant to jurisdiction and venue of this Court.

5. Pursuant to Florida Statute Section 47.051, venue is proper in Orange County pursuant to the forum selection clause contained in the employment contract between Plaintiff and Defendant.

6. At all times material hereto, Defendant owned, operated, maintained, or controlled the M/S WONDER and its appurtenances and equipment, and employed and controlled the crew.

7. At all times material hereto, Defendant employed Plaintiff to serve as a seaman, as defined by the General Maritime Law and 46 U.S.C. 688 et seq., (commonly known as the "Jones Act"), aboard the M/S WONDER.

8. Pursuant to the Jones Act and the General Maritime Law, Defendant owed Plaintiff the non-delegable duty to arrange, provide and pay for prompt, adequate, and complete medical care and treatment for illnesses and/or injuries that Plaintiff may experience while in service to the vessel.

9. Pursuant to the Jones Act and the General Maritime Law, Defendant owed Plaintiff the non-delegable duty to provide maintenance and cure for illnesses or injuries that Plaintiff may experience while in service to the vessel.

10. At all times material hereto, Defendant employed Plaintiff as a dining room server aboard the M/S WONDER.

11. At all times material hereto, the M/S WONDER was in navigable waters.

12. On or about September 18, 2017, Plaintiff was performing his duties as a dining room server. He lifted a water pitcher when he felt pain and heard a "pop" in his right shoulder. Plaintiff went to the ship's infirmary where he was given medication.

13. Plaintiff subsequently underwent an MRI which revealed that Plaintiff suffered from a partial tear of the supraspinatus tendon, rotator cuff tendinitis and degenerative arthosis of the acromioclavicular joint.

14. Due to his injuries, Plaintiff was unable to perform his job duties and was sent home to Jamaica on September 28, 2017. Defendant's healthcare providers diagnosed Plaintiff as having a right rotator cuff tear which required surgery. On January 19, 2018, Plaintiff underwent the recommended surgery in Jamaica.

15. The surgeon in Jamaica lacked the appropriate education, training and experience and performed the surgery in a negligent and inadequate manner.

16. Defendant is vicariously liable for the sub-standard and negligent surgery which caused injury to Plaintiff.

17. Defendant also failed to provide Plaintiff with appropriate post-surgery medical care, rehabilitation and physical therapy which caused Plaintiff to experience additional limitations and physical injury.

18. Plaintiff is currently unable to lift his right arm more than forty-five degrees, among other limitations. Plaintiff requires another surgery in order to obtain his maximum medical improvement.

19. Plaintiff sought medical care and treatment from Defendant for the above described injuries. Defendant did not provide Plaintiff with prompt, adequate and complete medical treatment, medicine, surgery, rehabilitation and therapy. In particular, Plaintiff needed appropriate medical treatment for Plaintiff's right shoulder injury but Defendant refused to provide all of the necessary and proper medical care.

20. Defendant's failure and refusal to provide Plaintiff with prompt, adequate, and complete medical care and treatment substantially worsened Plaintiff's medical condition, causing Plaintiff to experience additional and unnecessary pain and suffering, resulting in Plaintiff suffering additional disability and permanent injury.

21. Defendant did not pay all of Plaintiff's wages and daily living expenses which Defendant was legally obligated to pay pursuant to the General Maritime Law.

22. Defendant's failure and refusal to provide prompt, adequate, and complete wages and maintenance and cure is willful, arbitrary and capricious, without any legal justification whatsoever, and in callous disregard for Plaintiff's rights as a seaman.

23. Plaintiff has been unable to undergo surgery at this point because his blood-sugar levels have been elevated due to diabetes which developed during his employment with Defendant.

24. Defendant has failed and refused to provide adequate and appropriate medicine and health food in order to control Plaintiff's diabetes. Defendant has failed to provide Plaintiff with adequate and ongoing medical care and medicine for Plaintiff's diabetes so that his diabetes and blood sugar levels can come under control and Plaintiff can be cleared for surgery.

25. Defendant's callous and indifferent conduct delayed Plaintiff's medical care and treatment and compromised Plaintiff's mental and physical health and well being.

26. Defendant's conduct is conscious, calculated and deliberate in nature. Defendant knowingly refused to provide Plaintiff with prompt, adequate, and complete medical care and treatment, and knowingly failed to meet its obligation to provide maintenance and cure.

27. Plaintiff was required to retain legal counsel, and is obligated to pay Plaintiff's attorneys a reasonable fee and expenses for services to be rendered in this cause.

28. The causes of action asserted herein arise under 46 U.S.C. 688 et seq., (commonly known as the "Jones Act"), and the General Maritime Law as recognized by the Courts of the United States and the State of Florida.

## COUNT I

## UNSEAWORTHINESS

29. Plaintiff re-alleges and re-avers Paragraphs 1 through 28.

30. At all times material hereto, Defendant owned, operated, maintained, or controlled the M/S DISNEY WONDER, and its appurtenances and equipment, and employed and controlled the crew, and implemented work practices aboard this cruise ship.

31. At all times material hereto, the Defendant owed the Plaintiff the non-delegable duty to provide Plaintiff with a seaworthy vessel upon which to work.

32. Defendant breached the foregoing duty by failing to provide Plaintiff with a seaworthy vessel on which to work. The vessel was unseaworthy due to the unsafe policy and practice of Defendant of refusing and failing to send injured crew members to surgeons with appropriate education, training and experience in the United States and sending crew members away from the United States to countries where the medical care and treatment is substandard and inadequate in order to save money for the company.

33. In this case, Plaintiff received surgery in Jamaica with a doctor selected by Defendant who lacked the appropriate education, training, experience and skills necessary to provide adequate medical care. The surgery took place in Jamaica because Defendant had refused to send Plaintiff ashore to surgeons in the United States despite the fact that Disney's M/S WONDER called on a port in the United States. Instead, Defendant sent

Plaintiff to an incompetent and unskilled surgeon in Jamaica, where the medical care and treatment is typically inadequate and incompetent, who provided surgery in a negligent manner.

34.  As a direct and proximate result of Defendant's breach of the foregoing legal duties and the unseaworthiness of the vessel, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money, aggravation of previously existing conditions, and medical expenses. These losses and injuries are either permanent or continuing and Plaintiff will suffer these losses and injuries in the future.

WHEREFORE, Plaintiff prays this Honorable Court enter a judgment against Defendant for compensatory damages in excess of the jurisdictional limits of this Court, together with costs, interest, pre-judgment interest, and award any and all other relief this Court deems appropriate. Further, Plaintiff demands trial by jury of all issues so triable as of right.

## COUNT II

### FAILURE TO PROVIDE PROMPT, ADEQUATE AND COMPLETE MEDICAL TREATMENT

35.  Plaintiff re-alleges and re-avers Paragraphs 1 through 28.

36.  At all times material hereto, under the mandate of the Jones Act §46 U.S.C. 688 et seq., Defendant had an affirmative and legal duty to provide to its crew members, including Plaintiff, with prompt and adequate medical treatment for any and all injuries

sustained while in the service of the vessel.

37.   Plaintiff sustained a serious shoulder injury while in the service of Disney's M/S WONDER.

38.   Defendant arranged to have Plaintiff treated by a surgeon in Jamaica lacking adequate education, training and experience to perform shoulder surgery. The surgery was below the standard of care and performed in a negligent and careless manner. Defendant also failed to provide adequate post-surgical medical care, rehabilitation and physical therapy which made his medical condition worse and resulted in Plaintiff experiencing permanent limitations and injury. Defendant is vicarious liable for the negligence of the surgeon who they selected to perform the surgery.

39.   At all times material hereto, Defendant failed to provide prompt, adequate, and complete medical care and treatment for Plaintiff's serious injuries, in the following respects, by:

a.   Failing to adequately treat Plaintiff's orthopedic injuries;

b.   Failing to provide Plaintiff with prompt, full and complete medical care and treatment;

c.   Failing to adequately provide surgery to Plaintiff with an appropriately educated, trained and experienced surgeon;

d.   Failing to prescribe appropriate therapy to Plaintiff;

e.   Failing to promptly arrange and pay for required medical care and treatment

when such medical assistance was medically necessary and directly related to the serious injuries Plaintiff sustained while in the service of the vessel;

  f.  Hiring and retaining incompetent physicians to attempt to treat Plaintiff;

  g.  Hiring of an incompetent physician to treat an injured crew member, thereby rendering Defendant vicariously liable for the medical malpractice of this doctor;

  h.  Failing to provide appropriate medical care and treatment, medicine, counseling and food for his diabetes (high blood sugar) condition, thereby delaying his pre-surgical clearance and postponing his surgery; and

  i.  Shirking Defendant's non-delegable and affirmative duty to provide prompt and adequate medical care, by forcing Plaintiff to receive treatment in Jamaica, rather than the United States, with an inadequate, untrained and inexperienced surgeon.

  40.  As a direct and proximate result of Defendant's failure to provide Plaintiff with prompt, adequate, and complete medical care, Plaintiff sustained additional injuries, prolonged and delayed recovery, additional pain and suffering, mental anguish, depression, disability, lost wages, and loss of earning capability.

  WHEREFORE, Plaintiff prays this Honorable Court enter a judgment against Defendant for compensatory damages in excess of the jurisdictional limits of this Court, together with costs, interest, pre-judgment interest, and award any and all other relief this Court deems appropriate. Further, Plaintiff demands trial by jury of all issues so triable as of right.

## COUNT III

## FAILURE TO TIMELY PROVIDE ENTIRE MAINTENANCE AND CURE

41. Plaintiff re-alleges and re-avers Paragraphs 1 through 28.

42. Plaintiff sustained injuries while serving as a member of crew of the M/S WONDER.

43. Pursuant to the General Maritime Law, Plaintiff is entitled to recover maintenance and cure from Defendant until Plaintiff reaches the point of maximum medical cure. Such maintenance and cure includes, among other items, sick wages, lodging expenses, food, beverages, living expenses, travel expenses to and from healthcare providers, the costs of medical care and treatment, therapy, medication, surgery, rehabilitation, mental counseling and other medical expenses.

44. Defendant purposefully refused to arrange for and pay such medical cure despite its knowledge that such is required by law and necessary for the support and medical treatment of Plaintiff. Defendant failed to meet its maintenance and cure obligations, in the following respects, by:

    a. Failing to make appropriate arrangements for Plaintiff's medical care and treatment;

    b. Failing to pay Plaintiff all of Plaintiff's actual daily living expenses and all of Plaintiff's cure;

    c. Ignoring and/or unreasonably delaying in responding to Plaintiff's attempts

to obtain the prompt and adequate maintenance and cure to which Plaintiff is legally entitled to by law;

    d.    Unreasonably delaying in paying Plaintiff's maintenance and sick wages, and paying an amount which was inadequate;

    e.    Refusing to reimburse Plaintiff for the medical expenses, medication, travel expenses, lodging, food, beverages, and other living expenses which Plaintiff incurred;

    f.    Failing to provide appropriate medical treatment for Plaintiff;

    g.    Failing to authorize mental counseling, psychotherapy, or other professional support and assistance for Plaintiff's mental anguish and depression;

    h.    Engaging in a pattern of systematic delay, avoidance, and denial designed and intended by Defendant to demoralize, intimidate and defeat Plaintiff from obtaining Plaintiff's basic maintenance and cure obligations;

    i.    Hiring incompetent doctors who performed negligent medicine; and

    j.    Sending Plaintiff to Jamaica and then refusing to timely provide complete maintenance and cure even though Plaintiff had been injured and needed medical treatment and had not reached maximum medical improvement.

    k.    Failing to provide appropriate medical care and treatment, medicine, counseling and food for his diabetes (high blood sugar) condition, thereby delaying his pre-surgical clearance and postponing his surgery.

    45.    Plaintiff employed undersigned counsel in order to assert Plaintiff's rights

and to obtain what Defendant failed and refused to arrange, provide and pay for to date and in the future.

46.     Defendant's failure to pay Plaintiff's maintenance and cure is willful, arbitrary, capricious, in violation of law, without any reasonable basis, and in complete and total disregard of Plaintiff's right as a seaman.

47.     As a direct result of the foregoing acts, Plaintiff incurred maintenance and medical expenses and has become obligated to pay the undersigned a reasonable attorney fee.

**WHEREFORE**, Plaintiff prays this Honorable Court enter a judgment against Defendant for compensatory damages in excess of the jurisdictional limits of this Court, punitive damages, attorney fees, costs, interest, prejudgment interest, and other all other relief this Court deems appropriate. Further, Plaintiff demands trial by jury of all issues so triable as of right.

### REQUEST FOR JURY

Plaintiff is entitled to and requests trial by jury against Defendant on all issues and for all counts alleged in the Complaint.

Dated: January 15, 2021                Respectfully submitted,

Miami, Florida                         */s/ James M. Walker*
                                       James M. Walker
                                       Florida Bar No. 755990
                                       jim@cruiselaw.com
                                       WALKER & O'NEILL, P.A.
                                       Attorneys for Plaintiffs

Plaza 57, Suite 430
7301 S.W. 57th Court
South Miami, Florida 33143
Tel. No.        (305) 995-5300
Facsimile:     (305) 723-7770

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic notices of Electronic Filing.

*/s/ James M. Walker*
James M. Walker (755990)

## SERVICE LIST

James M. Walker, Esq.
jim@cruiselaw.com
*Counsel for the Plaintiff*
Walker & O'Neill, P.A.
7301 S.W. 57th Court, Suite 430
South Miami, Florida 33143
Telephone: (305) 995-5300
Facsimile:   (305) 723-7770